THE FARMERS' LOAN AND TRUST COMPANY, AS GENERAL GUARDIAN OF THE ESTATE OF SUSANNA MADDEN AND ANOTHER, RESPONDENT, *v.* ELBERT C. WILSON, APPELLANT.

*Principal and agent — an agency is terminated by the death of the principal.*

William Madden, the owner of certain premises, gave verbal authority to one Corbett, as his agent, to rent the property, and thereafter died. Corbett, during Madden's life, gave a lease of the property, and subsequently, and after Madden's death, continued to collect rent of the tenant, who was ignorant of Madden's death.

In an action by the guardian of Madden's children, his devisees, to recover rent for the same period, after Madden's death, for which Corbett had collected the rent:

*Held,* that the agency of Corbett was revoked by Madden's death, and that the payments made thereafter by the tenant to Corbett were not a defense to the action brought on behalf of Madden's children.

APPEAL by the defendant Elbert C. Wilson from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 11th day of November, 1891, upon a recovery by the plaintiff of $3,314.46, besides costs, after a trial at the Kings County Circuit by the court, a jury having been waived.

*Hugo Hirsh,* for the appellant.

*Herbert B. Turner,* for the respondent.

BARNARD, P. J.:

William Madden, in his lifetime, was the owner of tenements No. 290 and 292 Fulton street, in the city of Brooklyn. The owner gave authority verbally to D. M. Corbett to rent the property. Corbett, in April, 1884, rented the property to the defendant for an annual rent of $3,500, payable monthly in advance. William Madden died in Cuba in August, 1884, leaving a will by which he devised the property to certain infants for whom the plaintiff is guardian. Corbett continued to collect the rents after Madden's death, and the defendant paid the rent in ignorance of the fact that the owner was dead. The question presented is whether or not the payments made to Corbett after Madden's death are good. The general rule is that an agency is revoked by the death of the prin-

cipal.   This rule has been before the Court of Appeals in the case of *Weber* v. *Bridgman* (113 N. Y., 604) and upheld.   The court says that there can be no agent when there is no principal, and that to legalize a payment made to an agent after the principal's death, the agent must have an interest independent of the principal, and not destroyed by his death.   No such standing upon the part of the agent is disclosed.   He was a mere agent to receive rents and pay them over; and while he may be assumed to have been entitled to a commission upon the collection, it is not to be doubted but that the principal had full power to terminate the agency, against the agent's wishes, at any time.   No proof is given that the agent had made any repairs or had paid any taxes which he was entitled to be paid out of the rents.   The case seems to show an ordinary agency to collect rents and pay them over to the principal.

The judgment should be affirmed. with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.   ·